| UNITED STATES BANKRUPTCY COURT DISTRICT OF HAWAII | | | |
|---|---|---|---|
| Debtor: TRI-K INVESTMENTS LLC | | Case No.: | 05-02788 RJF |
| Joint Debtor: HT & T HAULING AND REPAIR SERVICES | | Chapter: | 11 |

## APPLICATION FOR UNCLAIMED FUNDS

### 1. Claim Information

Application is hereby made for disbursement of the following previously unclaimed funds on deposit with the court for the benefit of the claimant named below.

| Amount: | $4,268.74 |
|---|---|
| Claimant's Name: | SHARON and BILL VANNATTA |
| Claimant's Address: (at time claim was made) | c/o Alston Hunt Floyd & Ing<br>1001 Bishop Street, American Savings Bank Tower, 18th Floor<br>Honolulu, Hawaii 96813<br><br>*Provide documentation that Claimant resided or did business at this address. |
| Claimant's Current Address: (if different from above) | |
| Last 4 digits of Claimant's SSN or Complete EIN | Sharon Vannatta: xxx-xx-0551      William Vannatta: xxx-xx-5019 |

### 2. Applicant Information
The applicant is:

☐ The individual claimant named above. Photo identification is attached.

☐ An individual authorized to act on behalf of the corporation, partnership, limited liability company, or other artificial entity named above. Documentation showing authority to make this application is attached.

☒ The legal representative of the claimant named above. ~~An original, notarized power of attorney is attached, or, if the claimant is deceased, a certified copy of a letter of administration or probated will is attached.~~ Please see the Proof of Claim (filed January 30, 2006) attached hereto as Exhibit "A"

☐ The successor in interest to the claimant named above. Documentation showing entitlement to the funds through amendment, merger, or dissolution is attached.

### 3. Service on United States Attorney

The undersigned understands that a copy of this application and supporting documentation must be sent to the United States Attorney at the following address:

Office of the United States Attorney
District of Hawaii
300 Ala Moana Boulevard, Room 6100
Honolulu, HI 96850.

hib_3011    01/08

## 4. Declaration

The undersigned declares, <u>under penalty of perjury</u>, that the information contained in this application and any accompanying documentation is true and correct. I also understand that, pursuant to 18 U.S.C. § 152, I may be fined not more than $250,000, or imprisoned not more than 5 years if I have knowingly and fraudulently made any false statements in this document or provided false documentation as part of this application.

| | | |
|---|---|---|
| 9/25/08 | *[signature]* | TINA L. COLMAN |
| Date | Signature of Applicant | Printed Name of Applicant |

Phone: 808.524.1800      Address: Alston Hunt Floyd & Ing

Email: tcolman@ahfi.com             1001 Bishop Street, 18th Floor

                                    Honolulu, Hawaii 96813

## 5. Notarization

STATE OF ____Hawaii_____, COUNTY OF ____Honolulu____

On ___September 25, 2008___, before me, personally appeared ___Tina L. Colman___.

The applicant who signed above is personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument. WITNESS my hand and official seal.

(SEAL) *[Notary seal: MICHELE A. HIGASHI, NOTARY PUBLIC, No. 05-547, STATE OF HAWAII]*

*[signature]*
Notary Public
MICHELE A. HIGASHI
My commission expires on: ___9/4/09___

This application may be filed with the court at the following address:

>    UNITED STATES BANKRUPTCY COURT
>    DISTRICT OF HAWAII
>    1132 Bishop Street, Suite 250L
>    Honolulu, HI 96813.

hib_3011     01/08

| | |
|---|---|
| Doc. Date: Sept. 25, 2008 | # Pages: 18 |
| Notary Name: MICHELE A. HIGASHI | First Circuit |
| Doc. Description: Application for Unclaimed Funds | |

Michele A. Higashi (Notary Signature) 9/25/08 (Date)

[Notary Seal: MICHELE A. HIGASHI, NOTARY PUBLIC, No. 05-547, STATE OF HAWAII]

**NOTARY CERTIFICATION**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** | |
| **DISTRICT OF HAWAII** | |
| Debtor: TRI-K INVESTMENTS LLC | Case No.: **05-02788 RJF** |
| Joint Debtor: HT & T HAULING AND REPAIR SERVICES | Chapter: **11** |

Name of Claimant: SHARON and BILL VANNATTA

| Applicant's Name and Address: (Check will be sent to this address) | c/o Alston Hunt Floyd & Ing<br>1001 Bishop Street, American Savings Bank Tower, 18th Floor<br>Honolulu, Hawaii 96813 |
|---|---|

### VERIFICATION OF FUNDS ON DEPOSIT

The court's financial records indicate that funds in the following amount are being held for the claimant named above:

$ 4,268.74

_9/25/08_
Date

_[signature]_
Deputy Clerk

### STATEMENT BY UNITED STATES ATTORNEY

The undersigned is authorized to make this statement on behalf of the United States Attorney for the District of Hawaii. The United States Attorney has no objection to the payment of unclaimed funds to the applicant named above.

_11/13/08_
Date

_Lowe Tong_
for the United States Attorney

### ORDER APPROVING APPLICATION FOR UNCLAIMED FUNDS

For good cause,

IT IS HEREBY ORDERED that the application for unclaimed funds is APPROVED. The clerk may disburse the above amount of funds to the applicant named above.

NOV 21 2008
Date

_[signature]_
United States Bankruptcy Judge

hib_3011   01/08

FORM B10 (Official Form 10)(10/05)

| U.S. BANKRUPTCY COURT DISTRICT OF HAWAII | PROOF OF CLAIM | |
|---|---|---|
| Debtor: TRI-K Investments, LLC<br>Joint Debtor: | Case Number: 05-02788 | Chapter: 11 |

Name of Creditor: Sharon and Bill Vannatta

| Address where NOTICES should be sent:<br>[Correct address here if needed]<br><br>Louise K. Y. Ing, Esq./Tina L. Colman, Esq.<br>Alston Hunt Floyd & Ing<br>American Savings Bank Tower, 18th Floor<br>Honolulu, HI 96813<br><br>Telephone Number: (808) 524-1800 | Address where PAYMENTS should be sent [if different] |
|---|---|

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

Last four digits of account or other number by which creditor identifies debtor:

Check here if this claim ☐ replaces or ☐ amends a previously filed claim, dated:

**1. Basis for Claim**
☐ Goods sold
☒ Money loaned
☐ Other
☐ Services performed
☐ Personal injury/wrongful death
☐ Taxes
☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last 4 digits of SS #: _____
Unpaid compensation for services performed from
_____ (date) to _____ (date)

**2. Date debt was incurred:** 12/23/02; 2/14/03; 2/21/03; 3/21/03
**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time the case was filed. See reverse for explanations.

**Unsecured Non-priority Claim** $ 600,965.00*
☒ Check this box if: (a) there is no collateral or lien securing your claim, or (b) your claim exceeds the value of the property securing it, or if (c) none or only part of your claim is entitled to priority.

**Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $

**Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:

☐ Domestic Support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(5).
☐ Up to $ 2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:** $ 600,965.00* [unsecured] $_____ [secured] $_____ [priority]

Total Amount of the Claim: $ _____

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

### See additional important information on the back of this form.

Date: 01/30/2006

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):

Tina Colman, Attorney for Sharon and Bill Vannatta

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

*The Vannattas reserve the right to supplement or amend this proof of claim.
**Exhibit A**

*In Re Tri-K Investments, LLC*
*Case No. 05-02788*

Schedule of Exhibits to Sharon and Bill Vannatta's Proof of Claim

Exhibit A — Promissory Note, dated December 23, 2002, by and between Tri-K Investments, LLC dba HT & T Hauling & Repair Services (Maker) and William and Sharon Vannatta (Holder), in the amount of $250,000.00

Exhibit B — Promissory Note, dated February 14, 2003, by and between Tri-K Investments, LLC dba HT & T Hauling & Repair Services (Maker) and William and Sharon Vannatta (Holder), in the amount of $75,000.00

Exhibit C — Promissory Note, dated February 21, 2003, by and between Tri-K Investments, LLC dba HT & T Hauling & Repair Services (Maker) and William and Sharon Vannatta (Holder), in the amount of $90,000.00

Exhibit D — Promissory Note, dated March 21, 2003, by and between Tri-K Investments, LLC dba HT & T Hauling & Repair Services (Maker) and William and Sharon Vannatta (Holder), in the amount of $85,000.00

Exhibit E — Letter dated 2/21/03 from Roger Toledo to Mr. & Mrs. Vannatta; and Undated letter from Roger Toledo to Mr. & Mrs. Vannatta re investment terms

Exhibit F — HT&T Hauling & Repair Services Account Quick Report, dated 9/8/05 re balance due of additional amounts to the Vannattas

# PROMISSORY NOTE

$250,000.00

Hilo, Hawaii
December 23, 2002

FOR VALUE RECEIVED, TRI-K INVESTMENTS, LLC dba HT&T HAULING & REPAIR SERVICES, a Hawaii corporation, whose mailing address is 888 Kalanianaole Avenue, Hilo, Hawaii 96720 (hereinafter referred to as "Maker"), promises to pay to the order of William and Sharon Vannatta, whose mailing address is 274 Kaiulani Street, Hilo, Hawaii 96720, (hereinafter referred to as "Holder"), the principal sum of TWO HUNDRED FIFTY THOUSAND AND 00/100 DOLLARS ($250,000.00), together with interest on the outstanding principal balance as set forth below, computed from the date hereof on the basis of the actual number of days elapsed over a 365-day year, as follows:

(a) Interest shall accrue on the outstanding principal balance at a rate equal to the rate charged by Bank of Hawaii on the certain credit agreement dated December 20, 2002.

(b) Interest will be paid monthly in accordance with (a) above and Principal will be paid monthly commencing July 23, 2003 in the amount of FOUR THOUSAND ONE HUNDRED SIXTY SEVEN AND 00/100 DOLLARS ($4,167.00).

All payments made hereunder shall be made in lawful money of the United States of America in immediately available funds and shall be first credited against late charges and costs of collection, if any, then against accrued interest, and the balance of any such payment shall be credited against principal. All payments shall be paid to Bank of Hawaii, on account of Holder, at 417 East Kawili St., Hilo, Hawaii 96720.

1. <u>Loan Documents</u>. The indebtedness evidenced by this Note is secured by that certain Security Agreement of even date herewith (the "Security Agreement") and that certain Security Agreement and this Note being collectively referred to herein as the "Loan Documents").

2. <u>Default; Remedies</u>. In the event Maker fails to pay any amounts due under this Note and such default continues for a period of fifteen (15) days after the same becomes due and payable, then and in any such event Holder may at its option declare the entire unpaid principal sum of this Note, together with any interest accrued thereon, to be immediately due and payable and Holder may proceed to exercise any rights and remedies that it may have under this Note or such other rights and remedies which Holder may have at law, equity or otherwise. Maker shall pay all costs and expenses, including, attorneys' fees, incurred by Holder in the event of a default by Maker under this Note.

3. <u>No Waiver</u>. No failure on the part of Holder to exercise any right or remedy hereunder, whether before or after the happening of a default hereunder shall constitute a waiver thereof, and no waiver of any past default shall constitute a waiver of any future default or of any



542350.V1

other default. No failure to accelerate the debt evidenced hereby by reason of default hereunder, or acceptance of a past due installment, or indulgence granted from time to time shall be construed to be a waiver of the right to insist upon prompt payment thereafter, or to impose late charges retroactively or prospectively, or shall be deemed to be a novation of this Note or a reinstatement of the debt evidenced hereby or secured thereby or as a waiver of such right of acceleration or any other right which Holder may have, whether by the laws of the state governing this Note, by agreement or otherwise; and Maker and each endorser or guarantor, if any, hereby expressly waive the benefit of any statute or rule of law or equity which would produce a result contrary to or in conflict with the foregoing. This Note may not be changed orally, but only by an agreement in writing signed by the party against whom such agreement is sought to be enforced.

4. <u>Waivers by Maker</u>. Maker, for itself and its respective successors and assigns, and each endorser or guarantor, if any, of this Note, for their successors and assigns, hereby waives presentment, protest, demand, diligence, notice of dishonor and/or nonpayment, and waive and renounce all rights to the benefits of any statute of limitations and any moratorium, appraisement, exemption and homestead law now provided or which may hereafter be provided by any federal or state statute, including but not limited to exemptions provided or which may hereafter be provided by any federal or state statute, including but not limited to exemptions provided by or allowed under the United States Bankruptcy Code, both as to itself and as to all of its or their property, whether real or personal, against the enforcement and collection of the obligations evidenced by this Note and any and all extensions, renewals and modifications.

5. <u>Prepayment</u>. This Note may be prepaid without penalty.

6. <u>Governing Law</u>. This Note shall be governed by and construed in accordance with the internal laws of the State of Hawaii applicable with respect to contracts made in the State of Hawaii without regard to principles of conflicts of laws applicable under the laws of any other jurisdiction.

IN WITNESS WHEREOF, Maker has executed this instrument by its duly authorized signatory on the date first above written.

MAKER:

TRI-K INVESTMENTS, LLC
dba HT&T HAULING & REPAIR SERVICES
(In their capacity as officers and not individuals.)

By _____
Its President

By _____
Its Vice President

542350.V1                                2

## PROMISSORY NOTE

$75,000.00

Hilo, Hawaii
February 14, 2003

FOR VALUE RECEIVED, TRI-K INVESTMENTS, LLC dba HT&T HAULING & REPAIR SERVICES, a Hawaii corporation, whose mailing address is 888 Kalanianaole Avenue, Hilo, Hawaii 96720 (hereinafter referred to as "Maker"), promises to pay to the order of William and Sharon Vannatta, whose mailing address is 274 Kaiulani Street, Hilo, Hawaii 96720, (hereinafter referred to as "Holder"), the principal sum of SEVENTY FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00), together with interest on the outstanding principal balance as set forth below, computed from the date hereof on the basis of the actual number of days elapsed over a 365-day year, as follows:

(a) Interest shall accrue on the outstanding principal balance at a rate equal to the rate charged by Pinnacle Investment Group on the certain margin loan credit agreement dated February 11, 2003.

(b) Interest will be paid monthly in accordance with (a) above. Principal will repaid from time to time as mutually agreed but no later than February 14, 2006.

All payments made hereunder shall be made in lawful money of the United States of America in immediately available funds and shall be first credited against late charges and costs of collection, if any, then against accrued interest, and the balance of any such payment shall be credited against principal. All payments shall be paid to Pinnacle Investment Group, on account of Holder, at 56 Kamehameha Avenue, Hilo, Hawaii 96720.

1. Loan Documents. The indebtedness evidenced by this Note is secured by that certain Security Agreement of even date herewith (the "Security Agreement") and that certain Security Agreement and this Note being collectively referred to herein as the "Loan Documents").

2. Default; Remedies. In the event Maker fails to pay any amounts due under this Note and such default continues for a period of fifteen (15) days after the same becomes due and payable, then and in any such event Holder may at its option declare the entire unpaid principal sum of this Note, together with any interest accrued thereon, to be immediately due and payable and Holder may proceed to exercise any rights and remedies that it may have under this Note or such other rights and remedies which Holder may have at law, equity or otherwise. Maker shall pay all costs and expenses, including, attorneys' fees, incurred by Holder in the event of a default by Maker under this Note.

3. No Waiver. No failure on the part of Holder to exercise any right or remedy hereunder, whether before or after the happening of a default hereunder shall constitute a waiver thereof, and no waiver of any past default shall constitute a waiver of any future default or of any other default. No failure to accelerate the debt evidenced hereby by reason of default hereunder,

542350 V1


EXHIBIT B

or acceptance of a past due installment, or indulgence granted from time to time shall be construed to be a waiver of the right to insist upon prompt payment thereafter, or to impose late charges retroactively or prospectively, or shall be deemed to be a novation of this Note or a reinstatement of the debt evidenced hereby or secured thereby or as a waiver of such right of acceleration or any other right which Holder may have, whether by the laws of the state governing this Note, by agreement or otherwise; and Maker and each endorser or guarantor, if any, hereby expressly waive the benefit of any statute or rule of law or equity which would produce a result contrary to or in conflict with the foregoing. This Note may not be changed orally, but only by an agreement in writing signed by the party against whom such agreement is sought to be enforced.

4. Waivers by Maker. Maker, for itself and its respective successors and assigns, and each endorser or guarantor, if any, of this Note, for their successors and assigns, hereby waives presentment, protest, demand, diligence, notice of dishonor and/or nonpayment, and waive and renounce all rights to the benefits of any statute of limitations and any moratorium, appraisement, exemption and homestead law now provided or which may hereafter be provided by any federal or state statute, including but not limited to exemptions provided or which may hereafter be provided by any federal or state statute, including but not limited to exemptions provided by or allowed under the United States Bankruptcy Code, both as to itself and as to all of its or their property, whether real or personal, against the enforcement and collection of the obligations evidenced by this Note and any and all extensions, renewals and modifications.

5. Prepayment. This Note may be prepaid without penalty.

6. Governing Law. This Note shall be governed by and construed in accordance with the internal laws of the State of Hawaii applicable with respect to contracts made in the State of Hawaii without regard to principles of conflicts of laws applicable under the laws of any other jurisdiction.

IN WITNESS WHEREOF, Maker has executed this instrument by its duly authorized signatory on the date first above written.

MAKER:

TRI-K INVESTMENTS, LLC
dba HT&T HAULING & REPAIR SERVICES
(In their capacity as officers and not individuals.)

By _____
         Its President

By _____
         Its Vice President

## PROMISSORY NOTE

$90,000.00

Hilo, Hawaii
February 21, 2003

FOR VALUE RECEIVED, TRI-K INVESTMENTS, LLC dba HT&T HAULING & REPAIR SERVICES, a Hawaii corporation, whose mailing address is 888 Kalanianaole Avenue, Hilo, Hawaii 96720 (hereinafter referred to as "Maker"), promises to pay to the order of William and Sharon Vannatta, whose mailing address is 274 Kaiulani Street, Hilo, Hawaii 96720, (hereinafter referred to as "Holder"), the principal sum of NINETY THOUSAND AND 00/100 DOLLARS ($90,000.00), together with interest on the outstanding principal balance as set forth below, computed from the date hereof on the basis of the actual number of days elapsed over a 365-day year, as follows:

(a) Interest shall accrue on the outstanding principal balance at a rate equal to the rate charged by Pinnacle Investment Group on the certain margin loan credit agreement dated February 11, 2003.

(b) Interest will be paid monthly in accordance with (a) above. Principal will be repaid in equal monthly installments of $1,500.00 beginning August 21, 2003.

All payments made hereunder shall be made in lawful money of the United States of America in immediately available funds and shall be first credited against late charges and costs of collection, if any, then against accrued interest, and the balance of any such payment shall be credited against principal. All payments shall be paid to Pinnacle Investment Group, on account of Holder, at 56 Kamehameha Avenue, Hilo, Hawaii 96720.

1. Loan Documents. The indebtedness evidenced by this Note is secured by that certain Security Agreement of even date herewith (the "Security Agreement") and that certain Security Agreement and this Note being collectively referred to herein as the "Loan Documents").

2. Default; Remedies. In the event Maker fails to pay any amounts due under this Note and such default continues for a period of fifteen (15) days after the same becomes due and payable, then and in any such event Holder may at its option declare the entire unpaid principal sum of this Note, together with any interest accrued thereon, to be immediately due and payable and Holder may proceed to exercise any rights and remedies that it may have under this Note or such other rights and remedies which Holder may have at law, equity or otherwise. Maker shall pay all costs and expenses, including, attorneys' fees, incurred by Holder in the event of a default by Maker under this Note.



EXHIBIT C

542350.V1

3. No Waiver. No failure on the part of Holder to exercise any right or remedy hereunder, whether before or after the happening of a default hereunder shall constitute a waiver thereof, and no waiver of any past default shall constitute a waiver of any future default or of any other default. No failure to accelerate the debt evidenced hereby by reason of default hereunder, or acceptance of a past due installment, or indulgence granted from time to time shall be construed to be a waiver of the right to insist upon prompt payment thereafter, or to impose late charges retroactively or prospectively, or shall be deemed to be a novation of this Note or a reinstatement of the debt evidenced hereby or secured thereby or as a waiver of such right of acceleration or any other right which Holder may have, whether by the laws of the state governing this Note, by agreement or otherwise; and Maker and each endorser or guarantor, if any, hereby expressly waive the benefit of any statute or rule of law or equity which would produce a result contrary to or in conflict with the foregoing. This Note may not be changed orally, but only by an agreement in writing signed by the party against whom such agreement is sought to be enforced.

4. Waivers by Maker. Maker, for itself and its respective successors and assigns, and each endorser or guarantor, if any, of this Note, for their successors and assigns, hereby waives presentment, protest, demand, diligence, notice of dishonor and/or nonpayment, and waive and renounce all rights to the benefits of any statute of limitations and any moratorium, appraisement, exemption and homestead law now provided or which may hereafter be provided by any federal or state statute, including but not limited to exemptions provided or which may hereafter be provided by any federal or state statute, including but not limited to exemptions provided by or allowed under the United States Bankruptcy Code, both as to itself and as to all of its or their property, whether real or personal, against the enforcement and collection of the obligations evidenced by this Note and any and all extensions, renewals and modifications.

5. Prepayment. This Note may be prepaid without penalty.

6. Governing Law. This Note shall be governed by and construed in accordance with the internal laws of the State of Hawaii applicable with respect to contracts made in the State of Hawaii without regard to principles of conflicts of laws applicable under the laws of any other jurisdiction.

IN WITNESS WHEREOF, Maker has executed this instrument by its duly authorized signatory on the date first above written.

MAKER:

TRI-K INVESTMENTS, LLC
dba HT&T HAULING & REPAIR SERVICES
(In their capacity as officers and not individuals.)

By _____
Its President

By _____
    Its Vice President

# PROMISSORY NOTE

$85,000.00

Hilo, Hawaii
March 21, 2003

FOR VALUE RECEIVED, TRI-K INVESTMENTS, LLC dba HT&T HAULING & REPAIR SERVICES, a Hawaii corporation, whose mailing address is 888 Kalanianaole Avenue, Hilo, Hawaii 96720 (hereinafter referred to as "Maker"), promises to pay to the order of William and Sharon Vannatta, whose mailing address is 274 Kaiulani Street, Hilo, Hawaii 96720, (hereinafter referred to as "Holder"), the principal sum of EIGHTY-FIVE THOUSAND AND 00/100 DOLLARS ($85,000.00), together with interest on the outstanding principal balance as set forth below, computed from the date hereof on the basis of the actual number of days elapsed over a 365-day year, as follows:

(a) Interest shall accrue on the outstanding principal balance at a rate equal to the rate charged by Pinnacle Investment Group on the certain margin loan credit agreement dated February 11, 2003.

(b) Interest will be paid monthly in accordance with (a) above. Principal will repaid from time to time as mutually agreed but no later than February 14, 2006.

All payments made hereunder shall be made in lawful money of the United States of America in immediately available funds and shall be first credited against late charges and costs of collection, if any, then against accrued interest, and the balance of any such payment shall be credited against principal. All payments shall be paid to Pinnacle Investment Group, on account of Holder, at 56 Kamehameha Avenue, Hilo, Hawaii 96720.

1. Loan Documents. The indebtedness evidenced by this Note is secured by that certain Security Agreement of even date herewith (the "Security Agreement") and that certain Security Agreement and this Note being collectively referred to herein as the "Loan Documents").

2. Default; Remedies. In the event Maker fails to pay any amounts due under this Note and such default continues for a period of fifteen (15) days after the same becomes due and payable, then and in any such event Holder may at its option declare the entire unpaid principal sum of this Note, together with any interest accrued thereon, to be immediately due and payable and Holder may proceed to exercise any rights and remedies that it may have under this Note or such other rights and remedies which Holder may have at law, equity or otherwise. Maker shall pay all costs and expenses, including, attorneys' fees, incurred by Holder in the event of a default by Maker under this Note.

3. No Waiver. No failure on the part of Holder to exercise any right or remedy hereunder, whether before or after the happening of a default hereunder shall constitute a waiver thereof, and no waiver of any past default shall constitute a waiver of any future default or of any other default. No failure to accelerate the debt evidenced hereby by reason of default hereunder,

542350 V1


EXHIBIT D

or acceptance of a past due installment, or indulgence granted from time to time shall be construed to be a waiver of the right to insist upon prompt payment thereafter, or to impose late charges retroactively or prospectively, or shall be deemed to be a novation of this Note or a reinstatement of the debt evidenced hereby or secured thereby or as a waiver of such right of acceleration or any other right which Holder may have, whether by the laws of the state governing this Note, by agreement or otherwise; and Maker and each endorser or guarantor, if any, hereby expressly waive the benefit of any statute or rule of law or equity which would produce a result contrary to or in conflict with the foregoing. This Note may not be changed orally, but only by an agreement in writing signed by the party against whom such agreement is sought to be enforced.

4. Waivers by Maker. Maker, for itself and its respective successors and assigns, and each endorser or guarantor, if any, of this Note, for their successors and assigns, hereby waives presentment, protest, demand, diligence, notice of dishonor and/or nonpayment, and waive and renounce all rights to the benefits of any statute of limitations and any moratorium, appraisement, exemption and homestead law now provided or which may hereafter be provided by any federal or state statute, including but not limited to exemptions provided or which may hereafter be provided by any federal or state statute, including but not limited to exemptions provided by or allowed under the United States Bankruptcy Code, both as to itself and as to all of its or their property, whether real or personal, against the enforcement and collection of the obligations evidenced by this Note and any and all extensions, renewals and modifications.

5. Prepayment. This Note may be prepaid without penalty.

6. Governing Law. This Note shall be governed by and construed in accordance with the internal laws of the State of Hawaii applicable with respect to contracts made in the State of Hawaii without regard to principles of conflicts of laws applicable under the laws of any other jurisdiction.

IN WITNESS WHEREOF, Maker has executed this instrument by its duly authorized signatory on the date first above written.

MAKER:

TRI-K INVESTMENTS, LLC
dba HT&T HAULING & REPAIR SERVICES
(In their capacity as officers and not individuals.)

By _____
       Its President

By _____
       Its Vice President



**HT&T HAULING & REPAIR SERVICES**
a division of TRI-K INVESTMENTS LLC

February 21, 2003

Mr. & Mrs. William M. Vannatta
274 Kaiulani Street
Hilo, Hawaii 96720

RE: Promissory Note Terms and Security

Dear Bill and Sharon Vannatta:

Thank you very much for assisting our company in getting through this initial start up period. We could not have come this far without your support, confidence and financial assistance. Liz and I can not thank you enough for what you have done for us, the company and its employees. The best way we can show our gratitude for your generous support is to continue to work day and night on making this a viable enterprise and a valuable investment for the company's owners.

The following will set forth the general terms of your financial assistance:

1. Your initial advance of $250,000 via that certain line of credit with Bank of Hawaii will entitle you to an additional 4% ownership of the company. The advance will be repaid in accordance with the related note terms and be secured with our new computer system's hardware and software that is estimated to cost $120,000. Fifty percent of the $120,000 or $60,000 plus the remaining $130,000 totaling $190,000 will be secured by all other company assets after primary lien holders.

2. Of your current $250,000 advance, $70,000 will be secured by one of the new Kenworth trucks with the remainder or $180,000 secured by all other company assets after primary lien holders. The advance will be repaid in accordance with the related note terms. With this advance you will be entitled to another 4% ownership of the company provided the company at its option may refinance $180,000 with other lenders on or before February 14, 2004 and reduce this 4% ownership to 2%.

Your agreement may be made by signing below then the company's attorney will draft the necessary legal documents.

Thank you again for your continued support.

Sincerely,

Roger Toledo, President

Agreed to and accepted by:
Date:

HT&T Hauling & Repair Services • 888 Kalanianaole Avenue • Hilo, Hawaii 96720-4719 • Phone (808) 933-7764 • Fax (808) 933-7768



EXHIBIT E

**TRI – K INVESTMENTS, LLC**
107 Makaala Street
Hilo, Hawaii 96720

Mr. & Mrs. Vannatta
Hilo, Hawaii 96720

RE:  Investment in Tri-K Investments, LLC

Dear Mr. & Mrs. Vannatta:

We are in the final stages of negotiations with Brewer and need to confirm your investing interest in Tri-K Investments, LLC (Tri-K). Tri-K was formed to acquire the operating assets of HT&T hauling and repair divisions in Hilo from Brewer Environmental Industries LLC.

It is understood your investment in Tri-K will be held under the following terms and conditions:
1. Under a standard corporate structure, invested amounts would be classified as 6% nonparticipating redeemable preferred stock. With our LLC structure, this investment will be classified as a 6% "guaranteed payment" with a 0% profit and loss sharing membership. The intent of this classification is to provide you a senior equity position with a 6% return on your investment while limiting your exposure.
2. The 0% profit and loss sharing membership (nonparticipating) feature is intended to separate your role as a limited investor without management responsibilities, not sharing in profits and losses and exempt from additional capital contributions, if necessary.
3. The redeemable feature is intended to provide Tri-K the flexibility to redeem and or convert equity. Cash redemptions will be set at a premium of 110. For example, $1,000 face value cash redemption will be redeemed for $1,100. Tri-K may also offer general owner membership status by converting amounts invested using a ratio of $250,000 to 15%. For example, $50,000 would be converted to 3% ownership. Conversion will be at the investor's option after December 31, 2007.
4. The final form and structure is subject to any requirements of the company's lenders and legal and tax regulations.

Your agreement to proceed with this investment may be acknowledged by completing the attached membership subscription.

Sincerely,

Roger Toledo, President

10:58 AM
08/08/05
Accrual Basis

# HT&T HAULING & REPAIR SERVICES
## Account QuickReport
### All Transactions

| Type | Date | Num | Name | Memo | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|
| **Advances W. Vannatta** | | | | | | | |
| General Journal | 12/31/2003 | | | check 1984 | | 3,800.00 | 3,800.00 |
| Bill | 1/15/2004 | | Vannatta, William | to run thru A/P - short-term loan ck#104, dated 1/15/04 | 5,000.00 | | -1,200.00 |
| Deposit | 1/16/2004 | | | ck# 104 from Bill Vannatta | | 25,000.00 | 23,800.00 |
| Bill | 5/14/2004 | LEASE LOAN | Vannatta, William | LOAN TO HELP PAY BEI TRUCK LEASES | | | 18,800.00 |
| Deposit | 5/14/2004 | 1031 | Vannatta, William | loan | | | 23,800.00 |
| Bill | 6/11/2004 | payroll deposit | Vannatta, William | short term loan to cover payroll dep 6/11/04 | 10,000.00 | | 13,800.00 |
| Deposit | 6/11/2004 | 2065 | Vannatta, William | Bill Vannatta - short term payroll loan | | | 23,800.00 |
| Deposit | 6/16/2004 | 2073 | Vannatta, William | Vannatta loan | | 10,000.00 | 33,800.00 |
| Deposit | 6/16/2004 | 2074 | Vannatta, William | loan | | 4,000.00 | 37,800.00 |
| Deposit | 8/9/2004 | 1034 | | Deposit | | 8,000.00 | 45,800.00 |
| Deposit | 8/18/2004 | 105 | Vannatta, William | ck#105 to cover payroll | | 6,000.00 | 52,800.00 |
| Deposit | 8/26/2004 | 1035 | | Vannatta loan to pay DLNR | | | 52,800.00 |
| Check | 8/30/2004 | 5573 | FIRST HAWAIIAN B... | REIMB 8/28/04 LOAN | 0.00 | | 52,800.00 |
| Check | 8/31/2004 | 170 | FIRST HAWAIIAN B... | cashier's ck to Wm. Vannatta - reimb DLNR loan | 10,000.00 | | 62,800.00 |
| Deposit | 8/31/2004 | 1035 | Vannatta, William | loan for tires | | 6,500.00 | 69,300.00 |
| Deposit | 9/1/2004 | 1038 | | Sharon - fry $70k to HT&T Co. - Silva St. | | 15,000.00 | 74,300.00 |
| Deposit | 9/14/2004 | 1038 | | Bill - for $70k to HT&T Co. - Silva St. | | 25,000.00 | 99,300.00 |
| Bill | 11/4/2004 | | Vannatta, Sharon | reimbursement of $20,000 loan for Tesoro | 20,000.00 | | 79,300.00 |
| Deposit | 11/4/2004 | 1037 | | loan for Tesoro Sharon Vannatta ck #1037 | | 20,000.00 | 99,300.00 |
| Bill | 12/16/2004 | | Vannatta, William | partial repayment of $40,000 deposited 12/16/04 | 4,000.00 | | 95,300.00 |
| General Journal | 12/16/2004 | | | Sharon ck #1038 for Taryn financials | | 40,000.00 | 135,300.00 |
| Bill | 8/21/2005 | | Vannatta, William | partial repayment of $40,000 deposited on 12/18/04 | 6,000.00 | | 129,300.00 |
| Deposit | 8/28/2005 | | | Sharon Vannatta ck#2174 to cover payroll | | 8,000.00 | 137,300.00 |
| Bill | 8/28/2005 | | Vannatta, William | Sharon Vannatta ck#2174 to cover payroll | 8,000.00 | | 129,300.00 |
| **Total Advances W. Vannatta** | | | | | 88,000.00 | 217,300.00 | 129,300.00 |
| **TOTAL** | | | | | 88,000.00 | 217,300.00 | 129,300.00 |

*check w/ 40,000.00 9/14/04*

EXHIBIT F